CHRISTOPHER R. THOMSON, NY Bar No. 4222923 (*Pro Hac Vice* pending)
Email: ThomsonC@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F St. NE, Mail Stop 5631
Washington, DC 20549
Tel. (202) 5651-4958

LOCAL COUNSEL:
DONALD W. SEARLES (Cal. Bar No. 135705)
Email:  SearlesD@sec.gov
Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998

Attorneys for Plaintiff
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WENDAN BAO,<br><br>Defendant. | Case No.:<br><br>**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(c) OF SECURITIES ACT OF 1933, AND  SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934 ENFORCING COMPLIANCE WITH A COMMISSION ORDER** |

The Plaintiff, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") to enforce compliance by the Defendant Wendan Bao ("Defendant" or "Bao") with the monetary provisions of a final Commission order entered against Bao on August 4, 2021 (the "Order").  The Order, entered with Defendant's consent, required Defendant to pay, jointly and severally with Shuo Gu, LendingCar Corporation ("LendingCar") and H7 Credit LLC ("H7"), disgorgement totaling $310,000 and prejudgment interest of $29,012.40, but payment of such amounts except for the $103,000 in disgorgement was waived due to inability to pay.[1]

In support of its Application, the Commission states as follows:

### **INTRODUCTION**

1.      The Commission seeks by this Application to enforce an order of the Commission which found that Defendant Wendan Bao had willfully violated Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-8(a) thereunder.

2.      As of this filing, Defendant has not fully satisfied his obligation to pay the amounts ordered by the Commission. Under the Order, Defendant is jointly and severally liable for $310,000 in disgorgement and $29,012.40 in prejudgment interest, but payment of all amounts except for $103,000 in disgorgement was waived due to inability to pay. Defendant was required to make installment payments according to the payment schedule set forth in the Order, and pay post-order interest pursuant to SEC Rule of Practice 600 if timely payment is not

---

[1] The Commission has already converted its judgment against co-defendant Shuo Gu.  *SEC v. Gu*, 26-mc-80097 (N.D. Ca.) [Dkt. 12].  Defendants LendingCar and H7 are defunct entities.

1

made.  Defendant  has not fully satisfied the monetary amounts entered against him.

## PARTIES

3.     The Commission is an agency of the United States Government.  The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4.     Wendan Bao is a 45-year-old man. He was a resident of California during the relevant period and currently resides in Pasadena, California. He is a citizen of China.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act, and Sections 21(e)(1) and 27(a) of the Exchange Act.

6.     Venue lies in the Central District of California under Section 22(a) of the Securities Act, Section 27(a) of the Exchange Act  Defendant is "found" and is an "inhabitant" of this District.

## STATEMENT OF PROCEEDINGS BELOW

7.     On August 4, 2021, the Commission entered an order against Wenden Bao,  Shuo Gu ("Gu"), Lending Car Corporation and H7 Credit LLC, pursuant to their consent, instituting administrative cease-and-desist proceedings, making findings and imposing remedial sanctions and a cease-and-desist order.  Thomson Delc., Ex. 1.

8.     The Commission found that Bao and Gu, misappropriated assets in connection a private securities offering.  Starting in May 2018, Bao and Gu, who were domestic partners and the time and later married, raised investor monies through the DeYao Fund, LP ("DeYao Fund" or the "Fund"), a pooled investment vehicle set up to fund dealer floor plans to automobile dealerships in order to finance the purchase of used car inventory. Bao and Gu made misrepresentations to investors regarding the manner in which their money would be used and the

2

safeguards in place to present misuse of investor monies. The Commission found that from November 2018 through February 2019, the DeYao Fund raised capital contributions of at least $450,000 from investors. Based on representations made to investors, the capital should have been transferred from the DeYao Fund to H7 Credit LLC, an entity controlled by Bao and Gu, for the purpose of originating loans to automobile dealerships. However, upon H7 Credit LLC's receipt of the DeYao Fund's assets, Bao and Gu diverted the money to unauthorized uses. Among other things, Bao and Gu used the money to pay off their unrelated business debts.  As result of their conduct, the Commission founds that Bao, Gu and Lending Car willfully violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Section 17(a) of the Securities Act, and Sections 206(1), 206(2) and 206(4) of the Advisers Act and Rule 2-04(4)-8(a0 thereunder, and that H7 Credit willfully aided and abetted those violations.  Id., Ex.1,

9. For relief, the Commission ordered, among other things, that Bao, Gu, Lending Car Corporation and H7 Credit LLC pay, jointly and severally, disgorgement of $310,000, and prejudgment interest of $29,012.40, but payments of such amounts except for $103,000 in disgorgement was waived and no civil penalty was s imposed based on their sworn financial statements.  The Commission order that amount be paid is nine installments, with the final payment due 720 days of the entry of the Commission's Order.

10. To date, the debt has not been fully satisfied.  Thomson Decl., ¶ 6.

## ARGUMENT

11. The Commission brings this proceeding under Section 20(c) of the Securities Act and Section 21(e) of the Exchange Act .  These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

12. Proceedings under these provisions are summary in nature.  *S.E.C. v. Vindman*, 06-CV-14233, 2007 WL 1074941, 1 (S.D.N.Y. Apr. 5, 2007); *SEC v.*

3

*McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

13.    These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *S.E.C. v. Taber*, 13-MC-282, 2013 WL 6334375, 1 (S.D.N.Y. Dec. 4, 2013); *S.E.C. v. Stoecklien*, 15-CV-0532, 2015 WL 6455602, 1 (S.D. Cal. Oct. 26, 2015); *S.E.C. v. Markowski*, 05-CV-2205, 2007 WL 2566247, 1 (M.D. Fla. Aug. 31, 2007), aff'd, 277 F. App'x 903 (11th Cir. 2008).

14.    In such proceedings the Defendant may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

15.    This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

**I.**

That the Court enter an Order to Show Cause, directing Defendant Wendan Bao to show cause why this Court should not enter an Order enforcing Defendant's compliance with the monetary portion of the Commission Order.

**II.**

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

    a.    That Defendant pay the outstanding portion of disgorgement required under the Order — $103,000 — less any payments, together with any

4

post-order interest accruing pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600.

### III.

That the Court order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

### IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

### V.

That the Court order such other and further relief as may be just and proper.


Dated:  July 17, 2026          Respectfully submitted,


*/s/ Donald W. Searles*
DONALD W. SEARLES
Attorney for Plaintiff
Securities and Exchange Commission

**L.R. 11-6.2. CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Securities and Exchange Commission, certifies that this brief contains 1,250 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Donald W. Searles*
Donald W. Searles

6